Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@ toddflaw.com
**Attorneys for Plaintiff,**
**HEATH HUSTAD-RAMOS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| HEATH HUSTAD-RAMOS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>BUFFALO WILD WINGS, INC. and BLAZIN WINGS, INC. and DOES 1 to 10, inclusive,<br><br>         Defendants. | **CASE NO.:**<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS Of THE FAIR LABOR STANDARDS ACT AND CALIFORNIA LABOR CODE**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff HEATH HUSTAD-RAMOS (hereinafter "Plaintiff"), hereby submits this Complaint against Defendants BUFFALO WILD WINGS, INC., BLAZING WINGS, INC. and DOES 1 through 10, and other as yet unknown entities (hereinafter collectively referred to as "Defendants" on behalf of himself and all other NON-EXEMPT HOURLY STORE MANAGERS, who were not properly paid their overtime wages.

## INTRODUCTION

1.	This is a representative action for recovery of penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 (B).

2.	This Complaint also challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against Non-Exempt Hourly Store Managers of Defendants.

3.	Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and as an opt-out Rule 23 class action on behalf of himself and the proposed Rule 23 Class to remedy violations of California state law, as described herein.

4.	Plaintiff seeks penalties and wages on behalf of himself and other current and former employees of defendants as provided herein.

5.	Plaintiff brings this action pursuant to FLSA, on behalf of himself and for the benefit of all other persons employed by Defendants, and each of them, in the position of "Hourly Store Manager" covered by Wage Order 5 who were properly paid overtime, during the FLSA Period (which commences one year prior to the filing of this action and continues until judgment is rendered herein) (hereinafter "NON-EXEMPT HOURLY STORE MANAGER")  All allegations in this wage and hour Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel.  Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel.  Each allegation in this wage and hour Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

6.	On information and belief, for at least one year prior to the filing of this action and through to the present, Defendants jointly employed Plaintiff and each of

the NON-EXEMPT HOURLY STORE MANAGER throughout the United States of America, and failed to properly calculate overtime using the regular rate of pay, which includes quarterly and monthly bonuses, as complained of herein.  Plaintiff seeks relief on behalf of himself, and the NON-EXEMPT HOURLY STORE MANAGER, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the FLSA ,which have resulted in the failure of Defendants to pay Plaintiff and the NON-EXEMPT HOURLY STORE MANAGER all wages owed to them. In addition, Defendants' violations of the FLSA has resulted in numerous violations of the California Labor Code, the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement for the subclass of Non-Exempt Hourly Store Managers employed in California (hereinafter the "California Class").

7.      "FLSA Period" shall mean the period from one year prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.  Plaintiff herein reserves the right to amend this Complaint to reflect a different FLSA Period as discovery in this matter proceeds.

8.      Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of all NON-EXEMPT HOURLY STORE MANAGER in, among other things, failing to provide the statutorily required overtime wages due, failing to pay wages in a timely fashion, including at the end of employment and failing to keep statutorily required payroll records.

9.      The policies, practices and customs of Defendants described above and below to the California Class have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

10.     Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and NON-EXEMPT HOURLY STORE MANAGER, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and each of the NON-EXEMPT HOURLY STORE MANAGER  to timely payment of their wages.

<u>JURISDICTION AND VENUE</u>

11.     This Court has original federal question jurisdiction under 28 U.S.C. Section 1331 for the claims brought under the *FLSA*, 29 U.S.C. Section 201, *et seq*. This Court has supplemental jurisdiction for all claims asserted under the California *Labor Code* and the California *Business & Professions Code*, in that the claims under these California state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the *FLSA* claims, and exercising supplemental jurisdiction would be in the interest of judicial economy, convenience, fairness and comity.

12.     Independently, this Court has original jurisdiction for the California state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332, in that the estimated damages involved in the California claims will exceed $5,000,000 and the parties to this action are residents of different states.

13.     Venue is proper in the United States District Court for the CENTRAL District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the CENTRAL District of California and Defendant conducts business in the County of Riverside, California.

**<u>PARTIES</u>**

14.     Plaintiff is informed and believes and based thereon alleges that Defendant BUFFALO WILD WINGS, INC. and BLAZIN WINGS, INC. are Minnesota corporations, which regularly do business throughout the State of California.  Plaintiff is informed and believes and thereon alleges that Defendants, at

Complaint And Jury Demand

all times herein mentioned, is and was doing business in the County of Riverside, State of California.

15.     Whenever in this Complaint reference is made to "DEFENDANTS," such allegations collectively mean and refer to Defendant BUFFALO WILD WINGS, INC., BLAZIN WINGS, INC. and its subsidiaries and divisions.

16.     Plaintiff HEATH HUSTAD-RAMOS at relevant times herein was employed as an Hourly Store Manager by Defendants in the county of Riverside, California.

17.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

18.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names.  Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as other NON-EXEMPT HOURLY STORE MANAGER and members of the general public, damages as more specifically identified below.

19.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

20.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

21.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

22.     Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each Defendants were completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

23.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and

omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

### FACTUAL ALLEGATIONS-*FLSA*

(All Class Members)

24.     At all times herein mentioned, NON-EXEMPT HOURLY STORE MANAGER, including Plaintiff, were employees of Defendants in the United States of America, and Defendants were and are employers employing persons in the United States of America.   As such, NON-EXEMPT HOURLY STORE MANAGER, including Plaintiff, were the type of persons contemplated to be protected by *FLSA* and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

25.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of United States' wage and hour laws.

26.     Plaintiff is informed and believes and based thereon alleges that, during the FLSA Period, Defendants had a consistent policy or practice of failing to compensate NON-EXEMPT HOURLY STORE MANAGER, including Plaintiff, overtime pay for all overtime hours.

27.     For example, throughout Plaintiff's employment with Defendants, Plaintiff received payment on a per hour basis. In addition, Plaintiff received regular quarterly and/or monthly bonuses from Defendants. These bonuses constituted part of Plaintiff's regular rate of pay.

28.     However, Defendants systematically and intentionally deprived Plaintiff of his full overtime wages by paying him one and a half times her hourly rate of pay from his hourly wage alone and never incorporating his quarterly or monthly bonuses when determining the rate of overtime wages.

29.      Plaintiff is informed and believes and based thereon alleges that, during the FLSA Period, Defendants had a consistent policy and practice of treating other Non-Exempt Hourly Store Managers similarly.

30.      Plaintiff is informed and believes and based thereon alleges that Defendants enacted this policy and practice for the purpose of cheating its employees from the pay owed to them in order to reap their own person benefits.

## **FACTUAL ALLEGATIONS-*California Labor Code***

### (The California Class)

31.      Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of failing to compensate NON-EXEMPT HOURLY STORE MANAGERS in California, including Plaintiff, overtime pay for all overtime hours, based on their regular rates of pay, instead using their hourly rates of pay as a benchmark.

32.      Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of failing to provide NON-EXEMPT HOURLY STORE MANAGERS in California, including Plaintiff, with accurate wage statements reflecting the overtime pay owed to NON-EXEMPT HOURLY STORE MANAGERS in California.

33.      Plaintiff is informed and believes and based thereon alleges that, during the Class Period, Defendants had a consistent policy or practice of failing to provide NON-EXEMPT HOURLY STORE MANAGERS in California their final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

///
///
///
///
///

Complaint And Jury Demand

# **CLASS ACTION ALLEGATIONS**

<u>COLLECTIVE CLASS</u>:

(FLSA Collective Class Actions)

34.     The FLSA Collective Class: Plaintiff brings Cause of Action One, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. Section 216(b), individually and on behalf of the following class of persons:

> All current and former non-exempt Hourly Store Managers of DEFENDANTS who have worked in the United States at any time during the last three years, plus periods applicable tolling.

35.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. Section 216(b) and who have previously filed consent to join forms in any transferred actions.

36.     Plaintiff, individually and on behalf of other similarly situated employees seek relief on a collective basis challenging among other FLSA violations, Defendants practice of failing to properly calculate and pay overtime compensation that was recorded. The number and identity of other Plaintiff yet to opt in and consent to be party Plaintiff may be determined from Defendants records, and potential class members may easily and quickly be notified of the pendency of this action.

<u>California Class Action Allegations</u>:

(California Class)

37.     California Class: Plaintiff brings Cause of Action Two through Six as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), individually and on behalf of the following class of persons:

> All current and former non-exempt Hourly Store Managers employed by DEFENDANTS who have worked in California within the applicable statute of limitations.
>
> <u>Sub-Class 1</u>:
>
> All class members whose employment with Defendants has ended.

Complaint And Jury Demand

38.      Excluded from the California Class are DEFENDANTS, any entity in which DEFENDANTS has a controlling interest or which has a controlling interest in DEFENDANTS, and Defendants legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

39.      The California state law claims, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt-out of the California Class.

40.      Plaintiff is informed and believes, and on that basis alleges, that during the class period, hundreds have been employed by DEFENDANTS as Hourly Store Managers in the State of California. Because so many persons have been employed by Defendants, the members of the plaintiff class are so numerous that joinder of all members is impossible and/or impracticable.

41.      Plaintiff' claims are typical of the members of the plaintiff class. Plaintiff, like other members of the class of Hourly Store Managers working for DEFENDANTS in California, were subjected to Defendants policy and practice of refusing to pay overtime in violation of California Wage and Hour laws. Plaintiff' job duties were and are typical of those of other class members who worked for DEFENDANTS as Hourly Store Managers in California.

42.      The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporate defendant like DEFENDANTS. In the absence of a class action, DEFENDANTS

would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of the California state laws. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants conduct over and again.

43.      Common questions of law, in fact, exist as to all members of the plaintiff class and predominate over any questions affecting solely individual members of the plaintiff class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

      a.  Whether DEFENDANTS has engaged in a common course of failing to factor in all forms of remuneration to calculate overtime pay rates;

      b.  Whether DEFENDANTS has engaged in a common course of failing to provide nonexempt employees with accurate itemized wage statements;

      c.  Whether DEFENDANTS has engaged in a common course of failing to pay nonexempt employees all wages due upon termination;

      d.  Whether DEFENDANTS has engaged in a common course of failing to pay its nonexempt employees for all vested and unused vacation pay at the time of termination;

      e.  Whether DEFENDANTS has engaged in unfair competition by the above-listed conduct; and

      f.  Whether Defendants actions were willful.

44.      The Class Representatives will fairly and adequately protect the interests of their respective Classes. The Class Representatives have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. The Class Representatives and their counsel are committed to prosecuting this action vigorously on behalf of the various Classes and have the financial resources to do so. Neither the

Class Representatives nor their counsel have interests that are contrary to or that conflict with those of the proposed class.

45.      Class certification of the respective classes is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

46.      DEFENDANTS have acted or refused to act on grounds generally applicable to the California Classes, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the California Classes as a whole. Prosecution of separate actions by individual members of the California Classes would create the risk inconsistent or varying adjudications with respect to individual members of the California Classes that would establish incompatible standards of conduct for DEFENDANTS.

47.      Plaintiff know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## **FIRST CAUSE OF ACTION**

### **FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(B))**

### **-BROUGHT BY PLAINTIFF AND THE COLLECTIVE CLASS-**

48.      At all times material herein, Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

49.      The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

50.     DEFENDANTS are subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

51.     DEFENDANTS violated the FLSA by failing to pay and properly calculate overtime. In the course of perpetrating these unlawful practices, DEFENDANTS failed to compensate Plaintiff and the Collective Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, DEFENDANTS have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1).

52.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and the Collective Class.

53.     Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because DEFENDANTS acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

54.     DEFENDANTS has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, ·Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find DEFENDANTS did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiff and the Collective Class members are entitled to an award of pre-judgment interest at the applicable legal rate.

55.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by DEFENDANTS

from Plaintiff and the Collective Class. Accordingly, DEFENDANTS is liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper. WHEREFORE, Plaintiff and the Collective Class, pray for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed FLSA classes and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the Collective Class members opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

    b. A declaration that DEFENDANTS is financially responsible for notifying all FLSA Class Members of its alleged wage and hour violations;

    c. Designation of the Law Offices of Todd M. Friedman as the attorneys representing the putative collective action Plaintiff;

    d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.;*

    e. An award of damages for overtime compensation due to Plaintiff and the Collective Class, including liquidated damages, to be paid by DEFENDANTS;

    f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

    g. Pre-Judgment and post-Judgment interest, as provided by law; and

    h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

///

///

## SECOND CAUSE OF ACTION

**Unpaid Overtime Wages**

**(California *Labor Code* §§ 510, 1194 and 1198,**

**and Industrial Welfare Commission Wage Order No. 5)**

**-BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-**

56.     Plaintiff realleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57.     This action is brought, in part, pursuant to the Wage Order and *California Labor Code* §§ 510, 1194 and 1198.  Under the Wage Order and *California Labor Code* § 510, Defendants were required to compensate Plaintiff for all overtime, calculated at one and one-half (1-½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day, and two (2) times the regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) day of work.

58.     While employed by Defendants, Plaintiff was required to work more than eight (8) hours in a day or forty (40) hours in a week.   Defendants failed to compensate Plaintiff and the Collective Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week or eight hours in a day. Defendants have failed and continue to fail to pay the full overtime compensation owed to Plaintiff pursuant to the Wage Order and the California *Labor Code*.

59.     Plaintiff is informed and believes and based thereon alleges that Defendants' policy and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of *California Labor Code* § 1194, applicable regulations, and the Wage Order. Defendants' employment policies and practices wrongfully and

illegally failed to compensate Plaintiff for all overtime compensation earned as required by California law.

60.     The conduct of Defendants and their agents and employees as described herein was willful and intentional and part of a corporate policy, procedure and practice. Furthermore, Defendants willfully failed to pay Plaintiff proper compensation for all overtime hours worked at the appropriate rate of overtime pay.

61.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff for damages and wages owed, and for penalties, interest, costs and attorney's fees, in an amount to be proven at time of trial.

## THIRD CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### (California *Labor Code* § 226(a))

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

62.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

63.     At all times relevant hereto, California *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of its employees an accurate itemized wage statement in writing showing nine (9) pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates

in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

64.     Defendants failed and continue to fail in their affirmative obligation to keep accurate payroll records reflecting the the amount of compensation due to Hourly Store Managers. Defendants, as a matter of policy and practice, did not maintain accurate records in violation of California *Labor Code* § 226.

65.     For example, as a matter of policy and practice, among the violations of California *Labor Code* § 226, Defendants failed to keep accurate records reflecting total rates of overtime pay (as a result of Defendants' failure to properly calculate the overtime rate of pay),.   As a result, Defendants failed to provide true and accurate wage statements to Plaintiff, as required by California *Labor Code* § 226.

66.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for all damages and/or penalties pursuant to California *Labor Code* § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California *Labor Code* § 226, in amount according to proof.

67.     Plaintiff is entitled to recover from Defendants the greater of actual damages caused by Defendants' failure to comply with California *Labor Code* § 226(a), or an aggregate penalty not exceeding Four Thousand Dollars ($4,000.00).

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties

### (California *Labor Code* §§ 201-203 and 558)

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA SUBCLASS-

68.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201 through 203.

70.     Defendants failed to pay Plaintiff his final wages pursuant to California *Labor Code* §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

71.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff.

72.     Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to pay wages due and owing to Plaintiff upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to compensation pursuant to California *Labor Code* § 203.

## FIFTH CAUSE OF ACTION

### PENALTIES UNDER CALIFORNIA LABOR CODE § 558

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

73.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

74.     California Labor Code Section 558 provides:

> "(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (l) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred

dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

75.     At all times relevant, Defendants, and each of them, have routinely and systematically committed numerous violations of IWC Wage Order 5, as detailed above, including but not limited to failure to pay Plaintiff and NON-EXEMPT HOURLY STORE MANAGER all wages due, including overtime wages as required by law.

76.     Pursuant to Labor Code section 558, Plaintiff is entitled to recover a penalty of $50.00 for the initial failure to compensate NON-EXEMPT HOURLY STORE MANAGER for all hours worked, at the applicable rates, and $100.00 for each subsequent failure by Defendants.

77.     As a proximate result of Defendants' failure to pay overtime wages as alleged above, Plaintiff is entitled to recover from Defendants penalties pursuant to section 558 in excess of $100,000.00 or such greater amount as may be established according to proof at trial, for an award of interest, including prejudgment interest, at the legal rate, and for costs of suit.

78.     Plaintiff is informed and believes and thereon alleges that Defendants individually and jointly, qualify as an "employer or other person acting on behalf of an employer," of each NON-EXEMPT HOURLY STORE MANAGER who suffered the Labor Code violations alleged in this Complaint.  Plaintiff further alleges, on information and belief, that Defendants, individually and jointly, in their capacity as an employer, caused the Labor Code violations which are alleged in this Complaint.

///

///

///

///

# SIXTH CAUSE OF ACTION

## Unfair Business Practices

### (California *Business and Professions Code* §§ 17200, *et seq.*)

### -BROUGHT BY PLAINTIFF AND THE CALIFORNIA CLASS-

79.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

80.     Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, requiring Plaintiff and other Hourly Store Managers to perform the labor complained of herein without proper overtime compensation and failing to provide itemized wage statements.   Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

81.     Plaintiff, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.   Plaintiff seeks, on his own behalf and on behalf of the general public, the appointment of a receiver, as necessary.   The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

82.     Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiff, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

83.      Plaintiff and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the NON-EXEMPT HOURLY STORE MANAGER pray for judgment as follows:

1.   For nominal damages;

2.   For compensatory damages;

3.   For restitution of all monies due to Plaintiff, and disgorged profits from the unlawful business practice of Defendants;

4.   For penalties pursuant to Labor Code §§ 226, 510, 558, and 1194

5.   For waiting time penalties pursuant to Labor Code § 203;

6.   For interest accrued to date;

7.   For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

8.   For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194;

9.   For all penalties permitted by California Labor Code § 558;

10.  For Civil Penalties;

11.  For all penalties permitted by the FLSA; and

12.  For all such other and further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all applicable claims.

Dated**:** September 16, 2017          **Law Offices of Todd M. Friedman, P.C.**

By:_/s/ Todd M. Friedman_____
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff